**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2423
_____


JESSIE OCEE, a/k/a Frank Owusu Bimpong
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

ON PETITION FOR REVIEW OF A FINAL ORDER OF REMOVAL BY THE
BOARD OF IMMIGRATION APPEALS
(AGENCY CASE NO. A074-234-588)


_____

Argued June 22, 2022
_____

Before: MCKEE, RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: August 12, 2022)

Whitney D. Hermandorfer                    [ARGUED]
Mary E. Goetz
WILLIAMS & CONNOLLY
680 Maine Avenue, S.W.
Washington, DC 20024

*Counsel for Petitioner*

William P. Barr
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Lance L. Jolley
Liza S. Murcia                             [ARGUED]
Anthony C. Payne
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

*Counsel for Respondent*

_____

**OPINION**[*]
_____

RESTREPO, *Circuit Judge*.

Petitioner Frank Owusu Bimpong,[1] a native and citizen of Ghana, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

of his application for asylum and for withholding of removal. For the reasons set forth below, we will grant the petition, vacate the BIA's decision, and remand for further proceedings.[2]

<b>I.</b>[3]

Bimpong argues that the BIA erred in concluding that he failed to establish that his membership in a particular social group ("PSG") is a nexus for the persecution he fears—as is required to qualify for asylum or withholding of removal. *See* 8 U.S.C. §§

---

[1] Although Petitioner was originally placed in exclusion proceedings under the name "Jessie Ocee" (Agency Case No. 074-234-588), he later verified that his name is Frank Owusu Bimpong.

[2] We express our gratitude to Whitney D. Hermandorfer and Mary E. Goetz of Williams & Connolly LLP for accepting this matter pro bono, and we commend the quality of their briefing and argument in this case. Lawyers who act pro bono fulfill the highest service that members of the bar can offer to indigent parties and the legal profession.

[3] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252. Because "the BIA adopted and affirmed the IJ's decisions and orders as well as [conducted] an independent analysis, we review both the IJ's and the BIA's decisions and orders," *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016), and look to the IJ's opinion "only where the BIA has substantially relied on that opinion," *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009); *see also Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010). We review legal conclusions de novo, *Doe v. Att'y Gen.*, 956 F.3d 135, 141 (3d Cir. 2020), and defer to factual findings "if they are supported by reasonable, substantial, and probative evidence in the record considered as a whole." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018) (quoting *Kang v. Att'y Gen.*, 611 F.3d 157, 164 (3d Cir. 2010)). "Where, as here, the IJ finds the applicant's testimony to be credible and the [Board] makes no contrary finding," the Court "accept[s] as undisputed the testimony of the applicant." *Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir. 2004) (quoting *Singh v. I.N.S.*, 94 F.3d 1353, 1356 (9th Cir. 1996)). Remand is proper when the agency "has failed to adequately consider the evidence in the record which favors an applicant"—unless that evidence compels a conclusion contrary to the agency's, in which case reversal follows. *Sheriff v. Att'y Gen.*, 587 F.3d 584, 592 (3d Cir. 2009).

1158(b)(1)(B)(i), 1231(b)(3)(A); *Zheng v. Att'y Gen.*, 549 F.3d 260, 266 (3d Cir. 2008). To satisfy the nexus requirement, "the applicant bears the burden of proving that one central reason for the persecution was a protected characteristic." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015). An applicant must show, in other words, that membership in a PSG was "an essential or principal reason for the persecution," *id.*, and not simply an "'incidental, tangential, or superficial' reason," *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 130 (3d Cir. 2009) (quoting *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007)).

The BIA erred in concluding that Bimpong failed to meet that burden here. According to Bimpong's testimony, he was persecuted by members of the Enzema tribe because he, a member of the Ashanti tribe, owned land with particular tribal significance in Enzema territory. Bimpong inherited the land from his uncle, who was also a member of the Ashanti tribe. His uncle was murdered by members of the Enzema tribe because they did not want any member of the Ashanti to own the land. After inheriting the land, Bimpong experienced continued threats and a near-fatal assault by members of the Enzema. Eventually, he fled Ghana.

The IJ credited Bimpong's testimony, and the BIA did not disturb this finding. Yet the BIA concluded that Bimpong's persecution was a personal land dispute that lacked any nexus to his membership in the Ashanti tribe. In doing so, the BIA deferred to the IJ's conclusion that "the record is *devoid of any evidence* indicating that the [Enzema] Tribe targeted the applicant because of membership in the Ashanti Tribe." AR 97 (emphasis added). That conclusion defies the record, which is replete with evidence

4

that Bimpong's tribal affiliation was a central reason for his persecution.  *See, e.g.,* AR 157, 162-63, 167–68, 185, 596, 598.  For example, Bimpong testified that members of the Enzema "did not want the land that [he] possessed to be owned by non-members of the Enzema tribe," AR 596, and that he "was a target of persecution because of [an] intertribal dispute between the Enzema tribe and Ashanti tribe."  AR 598.

In sum, the agency's conclusion that the record was devoid of any evidence that Bimpong's membership in the Ashanti tribe was a nexus for his persecution was not supported by substantial evidence.

### III.

For the foregoing reasons, we will grant the petition, vacate the BIA's decision, and remand for further proceedings consistent with this opinion.